CÁNDIDO DE LA PAZ, Plaintiff and Appellant, *v.* WHITE STAR BUS LINE, INC., Defendant and Appellee.

No. 8565. Argued January 17, 1944.—Decided May 29, 1944.

*Luis Tirado Géigel* for appellant. *Enrique Córdova Díaz* for appellee.

MR. CHIEF JUSTICE TRAVIESO delivered the opinion of the court.

Plaintiff-appellant alleged in his complaint that on October 30, 1938, at Stop 2½ in Santurce, while crossing on foot Ponce de León Avenue from south to north, he was hit

and run over by a bus of the defendant, driven by one of its employees; that he was thrown on the pavement and dragged along the street, suffering injuries which kept him in bed for over three months under medical care; and finally, that the accident was caused entirely by the negligence of the driver of the vehicle in driving it at high speed, without showing down or turning to his left or exercising ordinary care to avoid the accident.

The corporation, defendant herein, answered the complaint, denying specifically the facts alleged in it, and as special defenses it alleged: (a) the insufficiency of the facts alleged to constitute cause of action; (b) the proximate and direct cause of the accident was the sole negligence of the plaintiff; (c) contributory negligence by the plaintiff; and (d) there was no negligence on defendant's part.

The present appeal was taken by the plaintiff against the judgment entered by the District Court of San Juan dismissing the complaint and imposing on him the payment of costs.

As the only ground for his appeal, the appellant alleged that the lower court committed manifest error in weighing the evidence and in concluding that the accident was due to the negligence of the plaintiff and not that of the defendant.

The findings of fact made by the trial court are as follows:

"On a Sunday, around 2:00 P. M., plaintiff, who was talking to some friends on the southern sidewalk of Ponce de León Avenue in front of the Capitol Building, on seeing a bus approaching which ran on the northern side of the avenue towards San Juan, decided to cross the street to board it. Defendant's witnesses state that he started running. Plaintiff says that he crossed 'with gigantic strides,' and his witnesses say that he crossed rapidly, but not running. The court believes that he crossed running.

"When plaintiff started to cross, another bus of the defendant was running on the southern side of Ponce de León Avenue towards Santurce, and very close (plaintiff estimates around twelve or fifteen meters, and there were witnesses who said six feet; probably plaintiff

is closer to the truth) to the place where plaintiff decided to cross. He saw the bus coming from San Juan, and believed he could cross in front of it. It can be inferred from his testimony that he expected that, were it necessary, the bus would turn south in order to avoid hitting him.

"Instead of turning south, the bus, at the same time that the driver put on the brakes, turned suddenly north, hitting the plaintiff near the center of the avenue. Plaintiff lay in the avenue near its center, and the bus stopped at a short distance, in the northern part of the avenue, whence it was driven by the sudden turn made by the driver in his effort to avoid hitting the plaintiff.

"Virgilio Silva, one of the witnesses, estimated the speed of the bus, at the moment just preceding the accident, at 35 or 40 miles per hour. Taking into consideration all the circumstances of the case, especially the testimony of the other witnesses of the plaintiff, and the manner in which Silva testified, we believe the testimony of Silva to be exaggerated, and we also believe exaggerated the estimates of those witnesses of the defendant who tried to prove that the speed of the bus was about 12.5 miles per hour.

"An analysis of the evidence leads us to the conclusion that the speed of the bus was moderate, taking into account the width of the avenue and the small amount of traffic, and that it did not exceed 25 or 30 miles per hour, speed which cannot be considered exaggerated within the exceptionally favorable circumstances which existed at that place at the time of the accident.

"The employee of the defendant was not negligent at the moment preceding the accident since he drove on th right side at a moderate speed. The plaintiff was negligent in trying to cross, running, in front of the bus at a moment when it was so close to him.

"Nor was the driver negligent in turning to his left at the time of the accident. When plaintiff started crossing the street in front of the bus, the driver, besides putting on the brakes, which undoubtedly he did, had three possible courses to follow: keep straight ahead, turn to his right, or turn to his left. The driver had in front of him, not an inert mass, but a human being moving rapidly, who could either stop, keep on crossing, or turn back. The driver chose that course action which permitted both of them, the driver and plaintiff, the widest margin of action, the widest space to maneuver and to avoid the accident. We believe that he chose the wisest course, and that it is to his decision that plaintiff owes his life. But even assuming that it would have been wiser to turn to

the right, or not to turn at all, the driver's decision could not be considered as an act of negligence. A pedestrian who suddenly places himself in a position of danger, in front of a moving vehicle, cannot require from the driver of said vehicle to choose instantly, from several possible courses of action, that which, after calm reflection, would have resulted in being the wisest.''

We have made a careful study of the transcript of the evidence, which covers nearly three hundred pages, and we are compelled to decide that the conclusions of the lower court are sustained by the evidence. This is one of those cases in which the pedestrian wrongfully believed that in crossing the street at a quick pace he would have sufficient time to cross before the vehicle coming in his direction could hit him. The driver of the vehicle did everything he could to avoid hitting the plaintiff, but unfortunately his efforts were of no avail.

The judgment appealed from should be affirmed.